HENRY L. WHITEHEAD (SBN 284676)
  HWhitehead@FoxRothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Blvd., Suite 900
Los Angeles, CA  90067
Telephone:  (310) 598-4150
Facsimile:  (310) 556-9828

Attorneys for Plaintiff
BRONX WEBSTER, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRONX WEBSTER, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BEHAVIORAL PROPERTY PARTNERS, LLC; and MICHAEL R. TREANOR, <br><br> Defendants. | Case No. 2:18-cv-01838 <br><br><br> **COMPLAINT FOR BREACH OF CONTRACT** |

## COMPLAINT

Plaintiff Bronx Webster, LLC ("Bronx Webster"), by its attorneys, Fox Rothschild LLP, submits this Complaint against defendants Behavioral Property Partners, LLC ("BPP") and Michael R. Treanor ("Treanor") (together, the "Defendants") and alleges as follows:

## PARTIES

1.    Bronx Webster is a Pennsylvania limited liability company with its principal place of business at 808 Montparnasse Place, Newtown Square, Pennsylvania 19073.

2.     BPP is a California limited liability company with its principal place of business at 2 Elting Court, Government Center, Fifth Floor, Ellenville, New York 12428.

3.     Treanor, upon information and belief, is an adult individual who is a citizen of New Jersey with a business address of 2 Elting Court, Government Center, Fifth Floor, Ellenville, New York 12428.

4.     Treanor is the Chief Executive Officer of BPP.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) in that: (1) there is complete diversity of citizenship, because neither BPP nor Treanor are citizens of the same state as Bronx Webster, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.     Venue is proper in the Central District of California under 28 U.S.C. § 1391(b)(1) because BPP resides in this District pursuant to 28 U.S.C. § 1391(c)(2), and under 28 U.S.C. § 1391(b)(2) because the property that is the subject of this action is situated in this District.

## FACTS

7.     On or about December 15, 2017, Bronx Webster and Defendants signed a binding Letter Agreement (the "Letter Agreement") as to the purchase and sale of a property located at 1964 Las Canoas Road, Santa Barbara, California, Parcel No. 021-010-028 (the "Property").  A true and correct copy of the Letter Agreement is attached hereto as Exhibit "A."

8.     Under the Letter Agreement, Bronx Webster and BPP agreed in part to negotiate an Agreement of Sale and a Lease and to close on a sale of the Property to Bronx Webster, and its lease back to BPP.  Under the Letter Agreement, Bronx Webster and BPP agreed to "diligently pursue the negotiation" of the Agreement of Sale and the Lease.

9.     On about December 15, 2017, Bronx Webster paid BPP a deposit of

2

$500,000 as required by the Letter Agreement.

10.   After signing the Letter Agreement, Bronx Webster diligently worked to negotiate an Agreement of Sale and a Lease as to the Property and to close on the purchase and sale of the Property.

11.   Despite Bronx Webster's diligent efforts, BPP refused to negotiate and sign an Agreement of Sale and Lease for the Property and close on the purchase and sale of the Property and execute an Agreement of Sale and a Lease.

12.   By no later than December 29, 2017, the Letter Agreement required BPP to return to Bronx Webster the deposit in the amount of $500,000 plus a premium of $125,000.

13.   In the event BPP failed to return Bronx Webster's deposit by that date, the purchase price for the Property would be reduced to $8.5 million.

14.   BPP and Treanor together guaranteed the timely repayment of $625,000 to Bronx Webster.

15.   Despite Bronx Webster's repeated demands and as required by the Letter Agreement, Defendants have failed and refused to return Bronx Webster's $625,000 Deposit.

16.   Bronx Webster has fulfilled and performed all of its contractual obligations under the Letter Agreement.

<u>**COUNT ONE – BREACH OF CONTRACT**</u>

**Bronx Webster v. BPP**

*(Specific Performance)*

17.   Bronx Webster incorporates the foregoing paragraphs by reference as if fully set forth herein.

18.   The Letter Agreement constitutes a binding contract between Bronx Webster and BPP.  *See* Exhibit "A."

19.   BPP breached the express terms of the Letter Agreement by failing in part to negotiate diligently and in good faith and sign an Agreement of Sale and Lease for

3

1  the Property and close on the purchase and sale of the Property.

2      20.    As set forth above, BPP's conduct also constitutes a breach of the duty of

3  good faith and fair dealing which is implied in every contract.

4      21.    As a result of BPP's material breach of the Letter Agreement, Bronx

5  Webster is entitled to specific performance compelling a sale of the Property to Bronx

6  Webster for $8.5 million, and the execution of an Agreement of Sale and a Lease for

7  the Property.

8      **WHEREFORE**, Bronx Webster demands judgment in its favor and against

9  BPP for specific performance compelling a sale of the Property to Bronx Webster for

10  $8.5 million, and the execution of an Agreement of Sale and a Lease for the Property,

11  plus interest, costs, and any other relief this Court deems proper.

12  <u>**COUNT TWO – BREACH OF CONTRACT**</u>

13  <u>**Bronx Webster v. BPP and Treanor**</u>

14  (***Failure to Return $625,000***)

15      22.    Bronx Webster incorporates the foregoing paragraphs by reference as if

16  fully set forth herein.

17      23.    The Letter Agreement constitutes a binding contract between Bronx

18  Webster and BPP.  *See* Exhibit "A."

19      24.    Under the Letter Agreement, by no later than December 29, 2017, Treanor

20  agreed to guarantee BPP's express contractual obligation to return to Bronx Webster

21  $625,000.

22      25.    Defendants breached the express terms of the Letter Agreement by failing

23  and refusing to return to Bronx Webster $625,000 by no later than December 29,

24  2017.

25      26.    As set forth above, Defendants' conduct also constitutes a breach of the

26  duty of good faith and fair dealing which is implied in every contract.

27      27.    As a result of Defendants' material breach of the Letter Agreement, Bronx

28  Webster has suffered damages in the amount of $625,000.

**WHEREFORE**, Bronx Webster demands judgment in its favor and against BPP and Treanor, jointly and severally, in the amount of $625,000, plus interest, costs, and any other relief this Court deems proper.

Dated:    March 5, 2018

Henry L. Whitehead, Esquire
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd.
Suite 900
Los Angeles, CA 90067
Tel: (310) 598-4150
Fax: (310) 556-9828

Attorneys for Plaintiff
BRONX WEBSTER, LLC